IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 6:20-CR-00013 |
| | ) | |
| CHERIE ANNE WASHBURN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S FIRST MOTION IN LIMINE**

Statement of the Case

On October 1, 2020, a grand jury empaneled by the United States District Court for the Western District of Virginia returned a 13-count Indictment against Defendant Cherie Anne Washburn ("Washburn"), a former practicing lawyer licensed by the Virginia State Bar ("VSB"). After the Court entered a Joint Inspection and Discovery Order (Document 27), the government produced several thousand documents. Included in the government's document production was a Consent to Revocation Order Washburn submitted to the VSB under Part 6, Section IV, ¶ 13-28 of the Rules of the Supreme Court of Virginia ("Paragraph 13-28 of the Virginia Rules"). Accompanying the Consent to Revocation Order was an Affidavit Declaring Consent to Revocation Washburn executed on March 12, 2019 ("Affidavit").

In paragraphs five and six of her Affidavit, Washburn made a number of incriminating admissions concerning breaches of ethical or fiduciary duties she owed a "ward" over whom she once held power of attorney. The government plans to use or reserve the right to use the Affidavit at trial against Washburn.

1

In her First Motion in Limine, Washburn seeks a pre-trial ruling that forecloses any mention or other use of the Affidavit in front of the jury. (Document 34.) Washburn files this Memorandum in support of her First Motion in Limine.

Argument

**PARAGRAPH 13-28 OF THE VIRGINIA RULES FORECLOSES THE GOVERNMENT'S PLANNED USE OF THE AFFIDAVIT.**

The Court should prohibit the government from using the Affidavit as substantive or impeachment evidence at trial. Paragraph 13-28.B of the Virginia Rules, quoted below, precludes the government's planned use of the Affidavit.

> . . . B. Admissions. The admissions offered in the affidavit consenting to Revocation shall not be deemed an admission in any proceeding except one relating to the status of the Attorney as a member of the Bar.

Va. Sup. Ct. R., Pt. 6, § IV, ¶ 13-28.B.

Paragraph 13-28.B of the Virginia Rules expresses the policy of Virginia's judiciary. The Supreme Court of Virginia is responsible for overseeing the practice of law in the Commonwealth and revoking the licenses of lawyers found guilty of serious misconduct. VA. CODE ANN. §§ 54.1-3909-3910. "To that end, the Virginia State Bar serves as an administrative arm of the Supreme Court of Virginia for the purpose of developing and promulgating ethics regulations, and investigating, prosecuting and reporting ethics violations." Motley v. Va. State Bar, 403 F. Supp. 2d 468, 470 (E.D. Va. 2005). See, Konan v. Sengel, 239 Fed. Appx. 780, 781, 2007 U.S. App. LEXIS 16108, **3 (4th Cir. 2007) ("The Virginia State Bar is, by statute, an arm of the Supreme Court of Virginia, and its decisions are judicial in nature.").

Because Paragraph 13-28.B of the Virginia Rules advances essential judicial and administrative policies underlying the Commonwealth's regulation of licensed lawyers, the Court

2

should accord it substantial comity and strict enforcement. Virginia has a strong interest in ensuring uniform, predictable application of licensure revocation rules in both state and federal courts. See Allstate Insurance Co. v. West Virginia State Bar, 233 F.3d 813, 817 (4th Cir. 2000) (declaring "we are mindful of the weight given by the Supreme Court to federal-state comity concerns that arise out of federal review of state bar proceedings and to the 'strength of the state interest in regulating the state bar.'") (quoting District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 484 and n. 16 (1983)); Goldfarb v. Virginia State Bar, 421 U.S. 773, 792 (1975) (declaring that "the interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been officers of the courts").

      The Court should reject any argument by the government that Paragraph 13-28.B of the Virginia Rules is a state procedural rule that does not apply in a criminal proceeding governed by the Federal Rules of Evidence. This is a rule of substantive protection rather than procedure. As a substantive rule, Paragraph 13-28.B guarantees a Virginia lawyer under investigation by the VSB that admissions she makes in the course of consenting to revocation of her bar license shall not be used against her in a subsequent "proceeding." The rule is a substantial safeguard that promotes the VSB's interest in bringing investigations of professional misconduct to a swift resolution. In exchange for surrendering her valuable property right to practice law, the lawyer under investigation is guaranteed her sworn stipulations to unprofessional conduct shall not be used to prosecute her in another forum. This is precisely the type of state rule of exclusion which courts within the Fourth Circuit enforce strictly despite any avenues to admissibility under the Federal Rules of Evidence. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 110 (4th Cir. 1995) (explaining that Federal Rules of Evidence must give way when they "encroach upon a [s]tate's

substantive law. . . . 'there are circumstances in which a question of admissibility of evidence is so intertwined with a state substantive rule that the state rule . . . will be followed in order to give full effect to the state's substantive policy.'") (quoting DiAntonio v. Northampton-Accomack Mem'l Hospital, 628 F.2d 287, 291 (4th Cir. 1980)); accord Creekmore v. Maryview Hospital, 662 F.3d 686, 690-93 (4th Cir. 2011).

Instructive on this point are federal court decisions strictly enforcing VA. CODE ANN. § 60.2-623(B). The Virginia statute provides that statements made to the Virginia Employment Commission in the course of that agency's adjudication of claims for unemployment compensation benefits ". . . shall not be . . . used in any judicial or administrative proceeding other than one arising out of the provisions of this title . . . ." VA. CODE ANN. § 60.2-623(B). Federal courts enforce this state statute of exclusion because it advances important policy objectives of the Commonwealth. Konjevich v. Washing Sys., 1994 U.S. App. LEXIS 6965, *6 (4th Cir. 1994) (unpublished) (affirming exclusion of party's written admissions to Virginia Employment Commission and holding district court correctly refused to "permit a federal court to ignore a state statute regarding state administrative policy."); Shabazz v. PYA Monarch, LLC, 271 F. Supp. 2d 797, 802 (E.D. Va. 2003) (sustaining party's objection under Section 60.2-623(B) to his prior statements to Virginia Employment Commission and observing, "Numerous courts, both state and federal, have refused to consider any statements made in relation to a proceeding before the VEC based on this statute.").

The Court should reach a similar result here. The VSB's prohibition against deeming a member's revocation affidavit an admission in a subsequent proceeding reflects state judicial policy. Allowing the United States to inject Washburn's Affidavit into her trial would undermine that policy. Fundamental principles of comity which define the relationship between the two

sovereigns should prompt the Court to hold that Paragraph 13-28.B of the Virginia Rules controls and requires exclusion of the Affidavit from Washburn's trial.

## Conclusion

For the foregoing reasons, the Court should grant Defendant's First Motion in Limine.

CHERIE ANNE WASHBURN

By: s/Paul G. Beers
      Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Cherie Ann Washburn

## Certificate of Service

I hereby certify that on March 2, 2021, I electronically filed the foregoing Memorandum in Support of Defendant's First Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Paul G. Beers
Paul G. Beers