Case 6:20-cr-00013-EKD   Document 97   Filed 11/18/24   Page 1 of 3   Pageid#: 413

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/18/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 6:20-cr-00013-001 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CHERIE ANNE WASHBURN ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Cherie Anne Washburn's *pro se* motion for early termination of supervised release. (Dkt. No. 96.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Washburn's motion. The court will grant Washburn's motion.[1]

I. BACKGROUND

On July 9, 2021, Washburn pleaded guilty to two counts of wire fraud (Counts 2 and 9) and one count of making a false statement to a mortgage lender (Count 12). (Dkt. No. 52.) She was sentenced to 24 months' imprisonment for each count to run concurrently followed by three years' supervised release (on each count to run concurrently). (Dkt. No. 85.)

Ms. Washburn began her term of supervision on March 27, 2023.

On November 14, 2024, Washburn filed a *pro se* motion for early termination of her remaining supervised release term. Washburn has not violated the terms of her supervised release and has maintained stable full-time employment. All restitution and fees related to her underlying offense conduct have been paid in full. Finally, Ms. Washburn's was placed on the administrative caseload on November 17, 2023, due to her good behavior while on supervision.

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Washburn's offense was serious, she has now served her sentence and has passed the half-way point of her supervised release term.

The court finds that there is no longer a need to protect the public or to deter Washburn from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Washburn's motion for early termination of her supervised release.

## III.  CONCLUSION

For the foregoing reasons, Washburn's motion for early termination of supervised release (Dkt. No. 96) will be GRANTED.  The court will issue an appropriate order.

Entered: November 18, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge